FILED
U.S. DISTRICT
EASTERN DISTRICT COURT
OF LA
2003 MAY 20  PM 4: 24
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| ROCK TUFARO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER 03-1429 |
| | * | |
| THE CITY OF NEW ORLEANS, THE | * | SECTION SECT. N MAG. 4 |
| NEW ORLEANS POLICE DEPARTMENT, | * | |
| MARC MORIAL, OFFICER JUSTIN | * | MAGISTRATE: |
| CRESPO, OFFICER KEVIN JOHNSON | * | |
| THE BOARD OF COMMISSIONERS | * | |
| FOR THE ORLEANS LEVEE DISTRICT, | * | |
| OFFICER THADDEUS PETIT and | * | |
| and OFFICER CRAIG ROBINSON | * | **JURY TRIAL REQUESTED** |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1.

This Civil Complaint is brought pursuant to Title 42 U.S.C. §§1983, 1985(3), 1986 and 1988 as an action of law to redress the intentional, malicious and discriminatory deprivation under color of law, statute ordinance, regulation, custom or usage of the right, privileges or immunities secured to plaintiff by the Constitution of the United States, including but not limited to the Second Amendment, the Fourth Amendment, the Fifth Amendment, the Sixth Amendment, the Eight Amendment, the Fourteenth Amendment and/or by Acts of Congress and the U.S. Constitution, and further asserts claims pursuant to the Constitution of the State of Louisiana and other pertinent statutes, laws and ordinances of that State.

Fee 150.00
Process
X Dktd
CtRmDep
Doc No.

## JURISDICTION
2.

Jurisdiction is vested in this Honorable Court under 28 U.S.C. §1331 and/or 28 U.S.C. § 1343. Pendent jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## PARTIES
3.

Plaintiff, ROCK TUFARO, is a person of the full age of majority and a resident and domiciliary of the Eastern District of Louisiana.

4.

Defendant, CITY OF NEW ORLEANS, is a municipality of the State of Louisiana capable of being sued and doing business within the Eastern District of Louisiana.

5.

Defendant, NEW ORLEANS POLICE DEPARTMENT (hereinafter sometimes referred to as "N.O.P.D."), is and was at all times described herein a duly authorized division of the City of New Orleans capable of being sued and doing business within the Eastern District of Louisiana.

6.

Defendant, MARC MORIAL, was at all times described herein Mayor of the CITY OF NEW ORLEANS. As such, he was responsible for the overall training and conduct of the NEW ORLEANS POLICE DEPARTMENT, including the individually named defendant officers identified below. He was also responsible by law for ensuring that New Orleans police officers obey the regulations of the NEW ORLEANS POLICE DEPARTMENT and the laws of the State of Louisiana and the United States. He is sued individually and in his official capacity.

7.

Defendant, RICHARD PENNINGTON, was at all times described herein Superintendent of Police for the CITY OF NEW ORLEANS.  As such, he was the commanding officer of the individually named defendant officers identified below and was responsible for the training, supervision and conduct of said officers as more fully set forth below.  He was also responsible by law for enforcing the regulations of the NEW ORLEANS POLICE DEPARTMENT and for ensuring that the New Orleans police officers obey the laws of the State of Louisiana and the United States.  He is sued individually and in his official capacity.

8.

Defendant, N.O.P.D. OFFICER JUSTIN CRESPO, is a person of the full age of majority and a resident and domiciliary of the Eastern District of Louisiana.  He is sued individually and in his official capacity.

9.

Defendant, N.O.P.D. OFFICER KEVIN JOHNSON, is a person of the full age of majority and a resident and domiciliary of the Eastern District of Louisiana. He is sued individually and in his official capacity.

10.

At all times pertinent hereto, N.O.P.D. OFFICER CRESPO and N.O.P.D. OFFICER JOHNSON were employees of the CITY OF NEW ORLEANS and/or the NEW ORLEANS POLICE DEPARTMENT and were acting in the course and scope of their employment thus rendering the CITY OF NEW ORLEANS and/or the NEW ORLEANS POLICE DEPARTMENT vicariously liable for the acts and omissions plead herein.

11.

Defendant, BOARD OF COMMISSIONERS for the ORLEANS LEVEE DISTRICT ("LEVEE BOARD"), is a political subdivision of the State of Louisiana capable of being sued and doing business within the Eastern District of Louisiana.

12.

Defendant, LEVEE BOARD OFFICER THADDEUS PETIT, is a person of the full age of majority and a resident and domiciliary of the Eastern District of Louisiana.  He is sued individually and in his official capacity.

13.

Defendant, LEVEE BOARD OFFICER CRAIG ROBINSON, is a person of the full age of majority and a resident and domiciliary of the Eastern District of Louisiana.  He is sued individually and in his official capacity.

14.

At all times pertinent hereto, OFFICER PETIT and OFFICER ROBINSON were employees of the LEVEE BOARD pursuant to La.R.S. 38:326 and were acting in the course and scope of their employment thus rendering the LEVEE BOARD vicariously liable for the acts and omissions plead herein.

15.

At all times pertinent hereto, the CITY OF NEW ORLEANS and the LEVEE BOARD were self-insured for the acts and omissions made the basis of this Complaint.

4

## FACTUAL ALLEGATIONS
16.

On or about February 23, 2001, plaintiff, ROCK TUFARO, was attending the Endymion Parade on Orleans Avenue in the Parish of Orleans, State of Louisiana with family and friends. Plaintiff had crossed a barricade and was asked to cross back over. As plaintiff was climbing over the barricade as requested, defendant LEVEE BOARD OFFICER PETIT grabbed plaintiff by the back of his shirt and struck plaintiff on the head knocking him to the ground.

17.

After plaintiff was handcuffed, he was escorted by LEVEE BOARD OFFICER PETIT, N.O.P.D. OFFICER JUSTIN CRESPO, N.O.P.D. OFFICER KEVIN JOHNSON and/or other unknown members of the NEW ORLEANS POLICE DEPARTMENT to a squad car owned by the NEW ORLEANS POLICE DEPARTMENT.

18.

Defendant, N.O.P.D. OFFICER KEVIN JOHNSON was involved in restraining and handcuffing plaintiff and was one of the officers who escorted plaintiff to the rear of the squad car where the most serious of the physical injuries were suffered.

19.

Upon arriving at the squad car, Defendant, N.O.P.D. OFFICER JUSTIN CRESPO and N.O.P.D. OFFICER KEVIN JOHNSON, other unknown members of the N.O.P.D. and/or LEVEE BOARD OFFICERS PETIT and/or ROBINSON restrained plaintiff at the rear of the squad unit.

20.

Defendants, N.O.P.D. OFFICER JUSTIN CRESPO and N.O.P.D. OFFICER KEVIN JOHNSON, unknown member(s) of the N.O.P.D. and/or LEVEE BOARD OFFICERS PETIT and/or ROBINSON participated in the restraint, detention and abuse of the civil rights of plaintiff at the rear of the squad unit.

21.

N.O.P.D. OFFICER JUSTIN CRESPO and N.O.P.D. OFFICER KEVIN JOHNSON, other unknown member(s) of the N.O.P.D. and/or LEVEE BOARD OFFICERS PETIT and/or ROBSINSON repeatedly slammed plaintiff's face into the squad car.

22.

In the alternative, N.O.P.D. OFFICER JUSTIN CRESPO and N.O.P.D. OFFICER KEVIN JOHNSON, other unknown member(s) of the N.O.P.D. and/or LEVEE BOARD OFFICERS PETIT and/or ROBINSON were in the immediate vicinity of the squad car regardless of whether they were physically participating in the restraint and detention of the plaintiff. Said defendants and other unknown police officers failed to intervene while witnessing the violation of plaintiff's civil rights.

23.

Defendants, N.O.P.D. OFFICER CRESPO, N.O.P.D. OFFICER JOHNSON and unknown member(s) of the N.O.P.D. and OFFICER ROBINSON and their employers including THE CITY OF NEW ORLEANS and the LEVEE BOARD, are further liable to plaintiff for his/their failure to intervene when he/they observed or should have observed the violation of plaintiff's civil rights when plaintiff was initially struck in the head by LEVEE BOARD OFFICER PETIT and subsequently when plaintiff's face was being slammed into the N.O.P.D. squad unit.

## CIVIL RIGHTS VIOLATIONS
### 24.

At all times pertinent hereto, MARC MORIAL, RICHARD PENNINGTON and the defendant officers were employed by the CITY OF NEW ORLEANS and the LEVEE BOARD in the capacities previously identified; the acts and omissions plead herein of the individual defendants were performed in the course and scope of their employment and all acts and omissions were performed under the color of statutes and ordinances of the Parish of Orleans, and the laws of the State of Louisiana.

### 25.

As a direct and proximate result of the acts and omissions of the defendant officers, plaintiff was caused to suffer physical pain and suffering, disfigurement, mental anguish and distress, mental cruelty, deprivation of his physical liberty, loss of enjoyment of life; disability; loss of earnings; diminished earning capacity; legal and medical expenses and any and all other elements of damages which may appear through discovery or at the trial on the merits of this matter.

### 26.

At all times pertinent to these allegations, plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to the defendant deputies.

### 27.

At no time whatsoever did the defendant officers have probable cause to believe that plaintiff had committed or was committing a crime.

28.

The defendant officers acted with actual malice toward plaintiff and acted with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. The defendant officers' actions constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

29.

Upon information and belief, the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD permitted and tolerated a pattern and practice of unreasonable use of force by its officers.

30.

Upon information and belief, the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD has/have maintained a system of review of officer conduct that is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by its officers.

31.

The acts, omissions, systematic flaws, policies, and customs of the CITY OF NEW ORLEANS, THE NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD caused the defendants officers to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against plaintiff and others in the future.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS
32.

The intentional beating of plaintiff by the defendant officers violated the rights of plaintiff as guaranteed by the Fourth, Fifth and Eighth Amendments to the United States Constitution for which the defendant officers are individually liable.

### COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS
33.

The intentional use of excessive force against plaintiff by the defendant officers when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others and when defendants had no lawful authority to detain plaintiff or to use excessive force against him, was done with actual malice toward plaintiff and was done with willful and wanton indifference to and deliberate disregard for plaintiff's Constitutional rights; plaintiff is thus entitled to punitive damages.

### COUNT III: VIOLATION OF STATUTORY RIGHTS
34.

The intentional use of excessive force against plaintiff by the defendant officers when plaintiff was unarmed and did not pose a threat or grievous bodily injury to the defendants or others and when defendants had no lawful authority to arrest plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward plaintiff and was done with willful and wanton indifference to and deliberate disregard for plaintiff's statutory civil rights.

## COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS
35.

It was the policy and practice of the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD to employ certain officers, including the named defendant officers described in the foregoing paragraphs.

36.

It was the policy and practice of the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD to authorize certain officers, including the named defendant officers, to cover up the use of excessive force despite the lack of probable cause to arrest or any actual violation that would justify the issuance of a citation. This policy and practice encouraged and caused constitutional violations by officers of the NEW ORLEANS POLICE DEPARTMENT and the LEVEE BOARD including the violation of plaintiff's constitutional rights by the individual defendant officers as described in the foregoing paragraphs.

37.

At all times pertinent hereto, the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD and other unknown supervisors who supervised the officers, unlawfully violated plaintiff's rights encouraged and tolerated the policies and practices described in the foregoing paragraphs; said defendants refused adequately to train, direct, supervise, or control the defendant officers so as to prevent the violation of plaintiff's constitutional rights.

10

## COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS
38.

At all times pertinent hereto, the defendant officers were acting within the course and scope of their employment and pursuant to the aforementioned policies and practices. The CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD enforced these policies and practices and were the moving force, proximate cause, or affirmative link behind the conduct causing plaintiff's injury. Said defendants are therefore liable for the violation of plaintiff's constitutional rights by the defendant officers.

39.

The defendant officers conspired to violate plaintiff's statutory civil rights in violation of 42 U.S.C. §1983 for which each defendant officer is individually liable.

## COUNT VI: ASSAULT AND BATTERY
40.

The use of physical force by the defendant officers when the defendant officers had no lawful authority to arrest plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to the defendant officers or others, was without justification or provocation, was excessive, and constitutes assault and battery for which each defendant officer is individually liable.

41.

As a proximate result of the assault and battery committed by the defendant officers, plaintiff sustained injuries and incurred medical bills and other expenses. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental and physical.

42.

The intentional beatings of plaintiff by the defendant officers when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to the defendant officers or others, when defendants did not have the lawful authority to arrest plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward plaintiff and was done with willful and wanton indifference to and deliberate disregard for human life and the rights of plaintiff.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
43.

The defendant officers intentionally beat and abused plaintiff in a manner that was extreme, outrageous, and unjustified, and caused plaintiff to suffer physical and emotional distress for which each defendant officer is individually liable.

### COUNT VIII: RESPONDEAT SUPERIOR LIABILITY
44.

At all times pertinent hereto, the defendant officers were acting within the scope of their employment as officers of the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT and the LEVEE BOARD as previously identified.

45.

The CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT and the LEVEE BOARD are liable for compensatory damages under the doctrine of respondent superior for the intentional torts of the defendant officers committed within the scope of their employment.

### COUNT IX: RESPONDEAT SUPERIOR LIABILITY
46.

The CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD, through its/their agents, expressly authorized the defendant officers to use excessive force and knew, through its/their agents, that the

12

defendant officers had a prosperity for committing intentional torts and for using excessive force in the line of duty; the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD acquiesced in the defendant officers' wrongful conduct. Plaintiff is thus entitled to punitive damages against the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT and the LEVEE BOARD for the malicious conduct of their respective officers.

47.

The defendant officers, while acting as agents and employees for the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD and in their capacity as police officers owed a duty to plaintiff to perform their police duties without the use of excessive force. Defendants' use of force upon plaintiff, when plaintiff was unarmed and did pose a threat of death or grievous bodily injury to defendants or others constitutes negligence for which the defendant officers are individually liable.

48.

The defendant officers' use of force upon plaintiff when they had no lawful authority to arrest plaintiff or to use force against him constitutes negligence for which each defendant officer is individually liable; the defendant officers' failure to intervene to prevent the violation of plaintiff's civil rights by the use of excessive force constitutes negligence for which each defendant officer is individually liable.

49.

As a proximate result of the defendants' negligent use of excessive force and/or the failure to prevent the violation of plaintiff's civil rights, plaintiff has sustained injuries, both physical and mental, and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause plaintiff pain and suffering, mental, physical and emotional.

## COUNT X: NEGLIGENCE
50.

The negligent beatings of plaintiff by the defendant officers when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, and when defendants had no lawful authority to detain plaintiff or to use excessive force against him, was done with willful and wanton indifference to plaintiff and was done with deliberate disregard for plaintiff's human life and the rights. Plaintiff is thus entitled to compensatory damages against the defendant officers individually.

## COUNT XI: NEGLIGENCE
51.

At all times of the alleged incident, the defendant officers were acting within the course and scope of their employment as officers for the CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT and the LEVEE BOARD as previously identified.

52.

The CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD is/are liable for compensatory damages under the doctrine of respondent superior for the respective negligence of defendant officers committed within the scope of their employment.

53.

The CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MARC MORIAL, RICHARD PENNINGTON and the LEVEE BOARD owed a duty to plaintiff to train and supervise and otherwise control their respective officers in the use of excessive force and other matters incidental to the exercise of police functions, including the prevention of violation of civil rights by other police officers. Said defendants failed to provide adequate training, supervision, and control of the defendant officers which failure constitutes negligence and which resulted in the damages suffered by plaintiff as set forth herein.

## COUNT XII: NEGLIGENCE
54.

The CITY OF NEW ORLEANS', the NEW ORLEANS POLICE DEPARTMENT'S, MARC MORIAL'S, RICHARD PENNINGTON'S and the LEVEE BOARD'S failure to provide adequate training and supervision to their respective officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including plaintiff.

## COUNT XVI: MALICIOUS ABUSE OF PROCESS, FALSE ARREST and FALSE IMPRISONMENT
55.

The defendant officers used criminal process against plaintiff in order to intimidate him and to dissuade him from asserting his rights against defendants and in order to cover up their own wrongdoing and to avoid civil and criminal liability for their own acts which resulted in the damages suffered by plaintiff as set forth herein.

56.

Plaintiff, ROCK TUFARO itemizes his damages as follows:

**Compensatory Damages**

(a)     Physical pain and suffering

(b)    Disfigurement

(c)    Disability

(d)    Mental anguish and emotional distress

(e)    Humiliation, stigma and denial of civil rights

(f)    Medical Expenses

(g)    Loss of income/loss of earning capacity

(h)    Legal fees to defend criminal charges

**Punitive Damages**

**Any and all other further relief that this
court deems appropriate, including all costs
and attorney's fees.**

57.

Undersigned counsel, James Minge, specifically pleads his rights to attorney's fees as authorized by the Civil Rights Attorney's Fees Awards act of 1976 (amending Title 42 U.S.C. §1988) for his actions in enforcing §1983 and 1985 of Title 42 of the United States Code.

58.

Plaintiff is entitled to and requests a trial by jury on all issues herein.

59.

Plaintiff prays that defendants be duly served with a copy of the foregoing Petition and after legal delays have expired that there be Judgment in favor of plaintiff, ROCK TUFARO and against defendants, CITY OF NEW ORLEANS, the NEW ORLEANS POLICE DEPARTMENT, MAYOR MARC MORIAL, MAYOR RAY NAGIN, CHIEF RICHARD PENNINGTON, OFFICER JUSTIN CRESPO, OFFICER KEVIN JOHNSON, the BOARD OF COMISSIONERS for the ORLEANS LEVEE DISTRICT OFFICER, OFFICER THADDEUS PETIT and OFFICER CRAIG ROBINSON, jointly and severally, in the true and total sum of Five Hundred Thousand Dollars ($500,000), on behalf of Plaintiff, ROCK TUFARO, plus any other further relief that this

Court deems appropriate, including all costs and attorney's fees as well as interest from the date of judicial demand.

Plaintiff further prays that this Court exercise its pendent jurisdiction and hear any and all state claims against all named defendants.

Plaintiff further prays for all relief, which is just and equitable under the premises.

Respectfully submitted,

JAMES H. MINGE – LA Bar No. 9625
BERIT C. HANNA- LA Bar No. 21659
JAMES MINGE & ASSOCIATES
1810 Energy Center, 1100 Poydras Street
New Orleans, Louisiana  70163
Telephone: (504) 525-5555
Facsimile: (504) 585-7733
**ATTORNEYS FOR ROCK TUFARO**

17